IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| CARRIBBEAN INTERNATIONAL NEWS | ) | |
| CORPORATION, | ) | No. 13-07759-MCF11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION OF THE UNITED STATES OF AMERICA TO DEBTOR'S URGENT
MOTION AUTHORIZING THE SALE OF CERTAIN OF DEBTOR'S ASSESTS
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, FREE
AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBERANCES**

The United States hereby objects to the sale of certain of debtor's assets pursuant

to sections 105 and 363 of the Bankruptcy Code free and clear of all liens, claims,

interests, and encumbrances (Docket No. 3) (the "Sale Approval Motion"), because

debtor has not provided the United States with sufficient information to evaluate the

proposed sale.[1]  In support of its objection, the United States avers as follows.

Debtor filed for bankruptcy protection on September 20, 2013.  On that same day,

debtor filed a series of motions seeking various forms of relief, including the Sale

Approval Motion.  Debtor seeks to sell certain of its assets – specifically the El Vocero

newspaper and its related assets -- to Publi-Inversiones Puerto Rico, Inc. ("P-I") in

exchange for $3,050,000.  (See Docket No. 3, ¶11.)  P-I did not come into existence until

---

[1] The United States notes that it was not served with a copy of any of the documents in
this case, including the Sale Approval Motion, and did not become aware of the case
until today, October 10, 2013.

1

July 2013.  (See http://www.noticel.com/noticia/148611/publi-inversiones-comprara-el-vocero.html (last accessed on October 10, 2013 at 3:17 p.m.)  The terms of the proposed sale are set forth in an asset purchase agreement ("APA"), which was filed with the Court.  (See Docket No. 3-2.)  The purchase price is comprised of $3 million "of the Purchaser's secured claim" and "a $50,000 carve out from its DIP financing." (APA, sec. 4.1.)  Significantly, according to debtor's own creditor schedules, P-I is not a secured creditor in its own right.  (See Docket No. 1 at Sch. D.)  On information and belief, P-I instead acquired the secured claim of Abitibi Bowater and intend to make a credit bid on debtor's assets using the acquired secured claim.

Before the United States can be in a position to evaluate the propriety of the proposed sale, significant questions regarding the facts of the sale would have to be answered, including the following, non-exclusive list.

- Who owns P-I and was it formed solely for the purpose of acquiring debtor's assets?

- Are the owners of P-I insiders of, or otherwise related to, debtor in any way?

- Does P-I have a legitimate secured interest in debtor's assets and, if so, to what extent does that security interest encumber debtor's assets?

Without answering these and other questions, neither the United States nor this Court can evaluate whether there is a sound business purpose for the proposed sale.

In addition, due the lapse in government appropriations, the United States is incapable of evaluating its potential claim(s) against debtor and how those claims might be affected by the proposed sale.  Counsel for the United States currently does not know

the amounts, types, or periods of tax involved in this case, and will not know until the

lapse in government appropriations is resolved.  According to debtor, the United States'

claims may be more than $8 million.  (See Docket No. 1, Schs. D, E.)  While the United

States acknowledges that the APA excludes from the sale "All of the Seller's pre-

petition accounts receivable and inventory, which have a senior lien in favor of the

IRS," (APA, sec. 2.1(d)), approval of the sale might prevent the United States from

receiving payment on its claims over and above the amount of its secured claim, which

debtor states may be over $2 million.  (See Docket No. 1, Sch. E.)  It is also unclear at this

time whether the proposed sale might result in any tax liability, which would be an

administrative claim against debtor.

The United States therefore objects to the proposed sale and requests that

debtor's motion be denied because debtor has not provided sufficient information to

evaluate whether there is a sound business reason for the proposed sale.  Given the lack

of information provided thus far, the United States reserves its right to supplement its

objection if and when additional information is provided.

//

//

//

//

//

//

//

3

WHEREFORE, the United States respectfully requests that the Sale Approval

Motion be denied.

Dated: October 10, 2013

Respectfully submitted,

ROSA E. RODRIGUEZ-VELEZ
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON
(PR Bar #G01002)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-2250 (v)
202-514-6866 (f)
Christopher.J.Williamson@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the OBJECTION OF THE UNITED

STATES OF AMERICA TO DEBTOR'S URGENT MOTION AUTHORIZING THE SALE

OF CERTAIN OF DEBTOR'S ASSESTS PURSUANT TO SECTIONS 105 AND 363 OF

THE BANKRUPTCY CODE, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS

AND ENCUMBERANCES has been made on October 10, 2013, by ECF filing and

served thereby on interested parties registered with the system.

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON